# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-2086V
Filed: December 31, 2025

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                                  *
NATHAN MIELKE and JAMIE MIELKE,                   *
parents of K.M., a minor,                         *
                                                  *
                    Petitioners,                  *
                                                  *
v.                                                *
                                                  *
SECRETARY OF HEALTH AND                           *
HUMAN SERVICES,                                   *
                                                  *
                    Respondent.                   *
                                                  *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Nathaniel C. Enos*, Conway, Homer, P.C., Boston, MA, for Petitioners.
*James Vincent Lopez*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

**Shah**, Special Master:

On December 19, 2024, Nathan and Jamie Mielke ("Petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). ECF No. 1 ("Pet."). The petition alleges that K.M., their minor child, "suffered cellulitis, requiring irrigation and debridement resulting in a scar," as

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

a result of the measles, mumps, and rubella ("MMR") vaccination he received November 16, 2022. *Id*. at 1; ECF No. 23 ("Resp't's Rep.") at 1.

On December 30, 2025, Respondent filed his Rule 4(c) Report in which he concedes that Petitioners are entitled to compensation in this case. Resp't's Rep. at 1, 6. Specifically, Respondent states:

> Respondent has concluded that a preponderance of the medical evidence establishes that K.M.'s right arm injury was caused-in-fact by the MMR vaccine he received on November 16, 2022. Respondent has not identified any other cause for K.M.'s injury, and the medical records outlined above demonstrate that he suffered the residual effects of his condition for more than six months. Therefore, based on the record as it now stands, petitioners have satisfied all legal prerequisites for compensation under the Vaccine Act. *See* 42 U.S.C. § 300aa 13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(i).

*Id*. at 5. Respondent argues that the scope of damages should be "limited to K.M.'s right arm injury and its related sequelae only." *Id*.

**In view of Respondent's position and the evidence of record, I find that Petitioners are entitled to compensation.** A separate order for the damages phase of this case will issue shortly.

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

2